# Bloom's Appeal.

1. A. claiming to be a creditor of B.'s estate, filed exceptions to the executor's account and procured the appointment of an auditor to pass upon them. Before the auditor, she claimed to be entitled, as creditor, to $123, for which the executor asked credit as having been paid by him to the sole legatee. For the avowed purpose of proving that she was a creditor, A. gave in evidence a note in her favor, drawn by B. in her lifetime, and then claimed that having made out a *prima facie* case, the auditor, under the terms of his appointment, could go no further, but must report the executor's account irregular. The auditor, however, admitted evidence, produced by the executor, to show that the note had been paid, and this fact having been established, the auditor reported that A.'s exceptions should be dismissed. This report was confirmed by the court, and a decree made accordingly. On appeal from this decree:

   *Held*, that there was no error; that if A. had shown by the executor's account itself, the improper blending of distribution and administration and then rested, she might have claimed the surcharge of the credit to which she excepted; but by voluntarily tendering the issue, which was accepted by the executor, and which resulted in establishing the fact that she was not a creditor, she opened the way for proof that she had no standing in court.

2. The approval and confirmation of the auditor's report, by the court below, cured whatever irregularity there may have been in the auditor's passing upon the matters not within the submission to him.

May 5, 1884.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Snyder county :* Of January Term, 1884, No. 400.

Appeal of Elizabeth Bloom, an alleged creditor of the estate of Diana Gilbert, deceased, from a decree of said court, confirming the report of an auditor appointed to pass on excep-

tions to the account of Jeremiah Crouse, executor of said decedent.

Diana Gilbert died in February, 1881. By her will she made her husband, William Gilbert, sole legatee. Her executor, Jeremiah Crouse, filed his account, in due course, showing a balance of $96.35 for distribution. In this account the executor claimed a credit for $123.60, which he had paid to William Gilbert, legatee.

Mrs. Bloom filed exceptions to this account, in which she claimed the $123.60, as a creditor of the decedent, and set up that the payment of it by the executor, to William Gilbert, was improper, being a matter of distribution instead of administration.

Jacob Gilbert, Esquire, was appointed auditor to report on said exceptions. Before him, the exceptant, in order to establish her position as creditor, produced a note in her favor for $200, dated May 4, 1864, and signed Diana Wolf (afterwards Gilbert). After offering this note in evidence and proving its genuineness, the exceptant claimed that she had made out a *prima facie* case, and that the auditor could proceed no further, but was bound to report the account irregular; and that since the latter was appointed simply to audit exceptions and not for the purpose of making distribution, he had no authority to inquire into the merits of her claim.

The accountant, on the other hand, asked to be heard for the purpose of rebutting the *prima facie* case, by showing that the exceptant was not a creditor. The auditor admitted evidence in regard to the issue thus raised between the parties; and the accountant introduced testimony to the effect that the note in question had been paid, under an arrangement made between Mrs. Bloom, Mrs. Gilbert and one Isaac F. Foye, a grandson of Mrs. Bloom, during the lifetime of Mrs. Gilbert, whereby the latter conveyed, or agreed to convey, to Foye, several acres of land, in consideration for which the note was to be cancelled; and that although the land had been conveyed the note had not been cancelled. This was denied by the exceptant.

From all the evidence before him, the auditor reported that Mrs. Bloom was not a creditor of the decedent's estate; and he therefore dismissed the exceptions to the executor's account.

Exceptions filed to this report, on the ground that the auditor erred in hearing evidence that Mrs. Bloom was not a creditor, and in finding that her claim was paid, were dismissed by the court, BUCHER, P. J., delivering the opinion, which was, inter alia, as follows: "The counsel for Mrs. Bloom, instead of exhibiting the account of the executor, and thus showing

that distribution had been blended with the administration account, undertook to establish that Mrs. Bloom was a creditor. Evidence was produced to show this, when it was met with counter testimony on the part of the accountant. In short, Mrs. Bloom made the assault in order to show her status as an exceptor, and accountant repelled it with counter testimony. It is an undeniable principle of the law, that any parties in *interest* can file exceptions to the account of an administrator, executor, guardian or trustee. A stranger, or one without interest, has no right to interfere : Martin's Appeal, 11 Harris, 433. We can see no valid objection to the auditor examining into the claim of Mrs. Bloom as a creditor, especially when she invited investigation by undertaking to establish her status as such. In this way, circuity of action was avoided. It was useless to surcharge the accountant in her case, if in the end she would derive no advantage from it. The complaint of counsel that Mrs. Bloom was thereby deprived of the benefit of a trial by jury, is groundless. This could have been had for the asking, but it nowhere appears that it was demanded and denied by the auditor."

The court accordingly entered a decree affirming the report of the auditor; whereupon Elizabeth Bloom took this appeal, assigning for error the decree of the court.

*Geo. B. Reimensnyder*, for the appellant. The blending of an administration account with a distribution account, is erroneous: Yundt's Appeal, 6 Barr., 35; Ake's Appeal, 9 Harris, 320; Harding's Estate, 12 Harris, 189; Jones' Appeal, 3 Out., 124. The auditor in this case had no power beyond that contained in his certificate of appointment, which authorized him only to pass upon the exceptions filed to the executor's account. He therefore had no power to pass upon the merits of Mrs. Bloom's claim: Wither's Appeal, 4 Harris, 151; Gaston's Appeal, 1 Pittsburg, 48; Okie's Appeal, 9 W. & S., 156; Benson's Appeal, 12 Wr., 159; Wylie's Appeal, 11 Norris, 196.

*Thomas J. Smith* and *I. B. Wunderland*, for the appellee. The question is not whether an administration account can be blended with a distribution account; but whether a stranger, who has no interest in an estate, has a right to question the account of an executor. As a matter of law, the auditor, after finding that Mrs. Bloom was not a creditor, decided that she had no right to except to the executor's account. In this he is sustained by the Supreme Court, in Martin's Appeal, 11 Harris, 433.

Mr. Justice STERRETT delivered the opinion of the court, May 19th, 1884.

Claiming to be a creditor of the estate of Diana Gilbert, deceased, appellant filed exceptions to the executor's final account, and procured the appointment of an auditor to pass upon the same. When the parties appeared before the auditor, she abandoned all her exceptions save the one relating to the item of $123 paid to William Gilbert, the husband of testatrix, and sole legatee under her will. As to that item, appellant's contention was that the payment had been wrongfully made by the executor to her prejudice as a creditor of the estate; and, for the avowed purpose of proving that she was in fact such creditor, she gave in evidence a note of testatrix on which there appeared to be due $196.74, about $100 more than the balance for distribution as shown by the account. This, of course, made a prima facie case in her favor, and would have warranted the auditor in surcharging accountant with the amount paid to the legatee; but the issue of fact as to her status, having been invited by appellant, the executor undertook to prove and did prove to the satisfaction of the learned auditor and court below that the note was fully paid in the lifetime of his testatrix. This line of defence was objected to by appellant; but what right had she to object to evidence tending to rebut the prima facie case she had presented? If she had shown, by the account itself, the improper blending of distribution with administration, and then rested, she might have claimed, with some propriety, a surcharge of credit to which she excepted; but, instead of doing so, she voluntarily tendered the issue which was accepted by the accountant and resulted in establishing the fact that she was not a creditor, and, therefore, had no standing in court. The finding was clearly warranted by the evidence, and, having been approved by the court, must now be regarded as conclusive. The objection that the matter passed upon by the auditor was not within the submission comes too late. The irregularity, if there was any, was cured by the approval and confirmation of the auditor's report. In his opinion, dismissing the exceptions thereto, the learned Judge very properly says: "We can see no valid objection to the auditor inquiring into the claim of Mrs. Bloom as a creditor, especially when she invited investigation by undertaking to establish her status as such. In this way circuity of action was avoided. It was useless to surcharge the accountant if in the end she could derive no advantage from it. The complaint that she was thereby deprived of a trial by jury is groundless. This could have been had for the asking, but it nowhere appears that it was demanded and denied by the auditor." This em-

phatic approval of the course pursued by the auditor is tanta-
mount to a previous enlargement of his authority. The
decree as to appellant is definitive, and there appears to be
nothing in either of the fourteen specifications of error that
calls for its reversal.

> Decree affirmed, and appeal dismissed at the
> costs of appellant.